IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ERIC DAVID, et al.** | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No.: WMN-02-3573 |
| **RADCLIFFE JEWELERS, et al.** | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT HARRISON'S ANSWER TO COMPLAINT**

R. M. Harrison, one of the Defendant's, by undersigned counsel, answers the Plaintiffs' Complaint as follows:

**Preliminary Statement and Jurisdiction**

1. Defendant admits that the Plaintiffs are suing for alleged injuries, but denies the remaining allegations set forth in Paragraph 1.

2. Defendant admits that Plaintiffs have sued Radcliffe Jewelers, but denies that Baltimore County is liable under the doctrine of r*espondeat superior*, Baltimore County having been dismissed from this action as a Defendant pursuant to the Court's ruling of July 7, 2003.

3. Paragraph 3 contains jurisdictional allegations which do not require a response from the Defendant.

## Parties

4. Defendant is without sufficient information or knowledge to admit or deny the allegations.

5. Defendant is without sufficient information or knowledge to admit or deny the allegations.

6. Defendant is without sufficient information or knowledge to admit or deny the allegations.

7. Defendant is without sufficient information or knowledge to admit or deny the allegations.

8. Baltimore County is no longer a Defendant.

9. Defendant admits that she was working as a Baltimore County Police Officer at the time of this incident and was within the scope of her police powers and was acting as an employee of the Baltimore County Police Department. She denies the remaining allegations of the first sentence of Paragraph 9. She admits the allegations set forth in the second sentence of Paragraph 9.

## Statement of Facts

10. Defendant is without sufficient information or knowledge to admit or deny the allegations.

11. [No allegations].

12. Defendant is without sufficient information or knowledge to admit or deny the allegations.

13. Defendant is without sufficient information or knowledge to admit or deny the allegations.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

### Count I
### Violation of Civil Rights – 42 U.S.C. 1983

20. The Defendant adopts and incorporates her prior answers.

21. Defendant is without sufficient information or knowledge to admit or deny the allegations.

22. Denied.

23. Denied.

24.-31. There is no need to answer these allegations since the Court dismissed Count II in its July 7, 2003 Memorandum and Order and dismissed Baltimore County as a Defendant as to Count III.

## Count IV
## Malicious Prosecution: Criminal

32. The Defendant adopts and incorporates her prior answers.

33. Denied.

34. Defendant is without sufficient information or knowledge to admit or deny the allegations.

35. Denied.

36. Denied.

## Count V
## Defendant Harris' Negligence

37.-42. Defendant will not answer these allegations as they are directed solely at Defendant Harris.

## Count VI
## False Arrest and False Imprisonment

43. Defendant adopts and incorporates her prior answers.

44. Denied.

45. Denied.

46. Denied.

## Affirmative Defenses

47. The Complaint fails to state a claim against Defendant Harrison upon which relief can be granted.

48. Defendant Harrison denies liability generally.

49. There was probable cause to arrest both Defendants.

50. Defendant Harrison is entitled to qualified immunity.

51. There was no violation of the Federal Constitution or laws.

52. Defendant Harrison's actions were objectively reasonable.

53. Defendant Harrison did not act maliciously.

54. Defendant Harrison did not institute or continue a criminal proceeding against the Plaintiffs.

55. Criminal proceedings did not terminate in favor of the Plaintiffs.

56. There was probable cause for the criminal proceedings.

57. The prosecution was not instituted with malice or for a purpose other than bringing Plaintiffs to justice.

58. Plaintiffs' claims are barred by contributory negligence.

59. Plaintiffs' claims are barred by assumption of risk.

60. Plaintiffs' claims are barred by waiver and estoppel.

61. Plaintiffs' claimed damages are excessive and Plaintiffs have failed to mitigate the damages.

62. Plaintiffs' claims are barred by the applicable statute of limitations.

63. The Defendant is entitled to statutory and common law immunity from liability.

64. Plaintiffs' are not entitled to punitive damages.

        Respectfully submitted,

        EDWARD J. GILLISS
        County Attorney

        _____

        JAMES J. NOLAN, JR.
        Assistant County Attorney
        400 Washington Avenue, Room 219
        Baltimore, MD 21204
        410-887-4420

        Attorneys for Defendant Harrison

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of July, 2003, a copy of Defendant Harrison's Answer to Complaint, which was electronically filed in this case on July 23, 2003, was mailed via First Class U.S. Mail, postage prepaid, to:

    Ted J. Williams, Esquire
    1200 G. Street, N.W., Suite 800
    Washington, DC 20005

    Robert L. Hebb, Esquire
    Semmes, Bowen & Semmes
    250 W. Pratt Street
    Baltimore, MD 21201

        _____
        James J. Nolan, Jr.