UNITED STATES DISTRICT COURT
FOR THE STATE OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2003 OCT 20  A 11: 40

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

| | |
|---|---|
| ERIC DAVID, et al. | ) |
| Plaintiffs | ) |
| v. | ) Civil Action No. WMN-02-3573 |
| RADCLIFFE JEWELERS, et al. | ) |
| Defendants | ) |

### PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' EXPERTS AND TO STAY DISCOVERY CONCERNING DEFENDANTS' EXPERTS AND THE NAMING OF A REBUTTAL EXPERT PENDING A RULING ON THIS MOTION

Plaintiffs Eric David and Tony Thomas (hereinafter "plaintiffs") by counsel, respectfully moves this Court to strike Defendants' experts. Plaintiffs further request a stay in the discovery process limited to taking the depositions of Defendants' expert and naming of their rebuttal expert pending the outcome of this motion.

### BACKGROUND

The Court's Scheduling Order of July 10, 2003 required Defendants to identify their experts by October 8, 2003, in accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedures. On or about that date, Defendants provided Plaintiffs with a superficial description of the topics that would be covered by their purported experts.

Defendants' identification of their experts did not include a report signed by their experts containing the complete statement of all of their experts' opinions as required by Fed. R. Civ. Proc. 26(a)(2)(B)

1

Accordingly, the Court should strike Defendants' experts. Moreover, as it will be shown below Defendants' expert is expected to give testimony on matter for the Court and not within the preview of an expert.

## ARGUMENT

Discovery procedures are designed to "make a trial less a game of b[l]indman's b[l]uff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble*, 356 U.S. 677, 682 (1977). Because greater preparation is needed in order to cross-examine an expert effectively, pre-trial discovery of an opposing party's experts' opinions is critical. See *Scott & Fetzer Co. v. Dile*, 643 F,2d 670, 673 (9th Ciir. 1981). In recognition of this fact is, Fed. R. Civ. P. 37(c)(1); Advisory Committee Notes, 146 F.R.D. 401, 690; see, e.g., *In Re Air Crash at Charoltte, North Carolina*, 982 F.Supp. 1086, 1997 U.S. Dist. LEXIS 16069, *4 (D.S.C. Feb 27, 1997). This sanction is "self-executing" and "automatic Advisory Committee Notes, 46 F.R.D. at 691

Defendant Harrison in a letter to Plaintiffs' attorney, Exhibit 1, Emphasis added, states as follows

> Defendant Harrison will call as an expert witness Howard P. Gersh, Legal Director of the Baltimore County Police Department. Mr. Gersh **has not been retained or especially employed to provide expert testimony in this case, nor do his duties as an employee of the Baltimore County Police Department regularly involve giving expert testimony.** According, this disclosure is not accompanied by a written report prepared and signed by Mr. Gersh.

> Mr. Gersh will **testify that there was probable cause to arrest the Plaintiffs**. He will render his opinion as to the meaning of probable cause and as to the applicability of Article 27, [section] 594B and provisions of the Field Manual of the Baltimore County Police Department.

2

Defendant RADCLIFFE Jewelers in a letter to Plaintiffs' attorney, Exhibit 2 states in part as follows:

> The Defendants reserve the right to call an expert witness(es) to address issues of security, theft prevention, probable cause, and reasonable suspicion. The expert(s) may be expected to proffer opinions that the conduct of the Defendants, including RADCLIFFE and Mr. Harris, was appropriate under the circumstances. The experts are expected to proffer that the experts have reasonable that a theft occurred by the direction of the Plaintiffs. In addition, the experts may be expected to proffer opinions that the Defendants had probable cause that the Plaintiffs perpetrated the theft in question. In addition, the experts may be expected to proffer opinions that under the known facts the Defendants had reasonable suspicion and probable cause to believe that the Plaintiffs perpetrated a theft.
>
> As the Plaintiffs depositions have been recently taken and transcripts have not been provided, reports have not been prepared.

Expert opinion testimony is admissible only if it "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Defendants intention to call experts to opine on issues concerning reasonable suspicion, the applicability of a state statute and probable cause are questions of law. *Estes v. Moore*, 993 F.2d 161, 163 (1963). Furthermore, the Defendants have made it clear that they intend to call an expert to opine the "reasonable that a theft occurred by the direction of the Plaintiffs." See Exhibit 2. That testimony would also call for a legal conclusion. In *Peterson v. City of Plymouth*, 60 F.3d 469 (8th Cir. 1995) the Court made similar findings involving expert testimony and stated the expert's "testimony was not a fact-based opinion, but a statement of legal conclusion...[and that] legal conclusions were for the court to make.

Moreover, Rule 26(a)(2)(B) imposes very specific requirements for expert identification. Parties must provide a report that is signed by their expert and that contains a complete statement

2

of all of the experts' opinions and the "basis and reasons therefore." In this instant the Defendants have failed to provide the Plaintiffs with any statement whatsoever. In essence the mere naming of an expert cannot be considered complete disclosure. Moreover, under Rule 37, such incomplete disclosure is considered the same as a failure to disclose at all. See Advisory Committee Notes, 146 F.D.R. at 690.

By failing to provide an adequate and complete expert report for Defendants' expert testimony, Defendants deny Plaintiffs the opportunity to prepare effectively for cross-examination and to defend themselves against Defendants' claims. It also precludes Plaintiffs from naming a rebuttal expert. Defendants should not be permitted to flout Rule 26 or the Court's Scheduling Order by their violation of the rules of Civil Procedures and the Order of this Court.

The Court should strike Defendants' experts. See, e.g. *May v. Stahl*, 1996 U.S. App. LEXIS 15549, *1 94th Cir. June 27, 1996) (excluding expert witness because expert report submitted after date set in scheduling order).

Additionally as previously stated, Defendants' reports makes clear that they intend to call their experts to testify that Defendants had probable cause to arrest the Plaintiffs. That testimony calls for a legal conclusion which would invade the province of the Court to instruct the jury regarding the law. See *Peterson v. Plymouth*, 60 F.3d 469, 475 (8th Cir. 1995); *Alldread v. Grenada*, 988 F.2d 1425, 1436 (5th Cir. 1990)(1989)

Defendants' report also makes clear that their expert anticipated testimony would touch upon matters that are squarely within the knowledge of lay people. Accordingly, it is inadmissible. See, *United States v. Boney* 977 F.2d 624, 628 (D.C. Cir. 1992); *Green v. Kinney Shoe Corp.*, 715 F.Supp. 1122, 1123 (D.D.C. 1989).

4

Accordingly, Defendants experts should be stricken

                        Respectfully submitted,

                        Ted J. Williams [414758]
                        1200 G Street, N.W.
                        Suite 800
                        Washington, D.C. 20005
                        Tel. (202) 434-8744

                        Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing motion was served This the 20th day of October 2003 upon Defendants through their legal counsel by Fax and depositing a copy of the same in the United States Mail, postage pre-paid, addressed to:

Robert L. Hebb, Esq.
Semmes, Bowen & Semmes
250 West Pratt Street
Baltimore, Maryland 21201
(410) 539-5040

James J. Nolan, Esq.
Assistant County Attorney
400 Washington Avenue
Towson, Maryland 21204

_____
Ted J. Williams