IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIC DAVID, et al. | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No.:  WMN 02-CV3573 |
| RADCLIFFE JEWELERS, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \*

**DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**MOTION TO STRIKE DEFENDANTS' EXPERTS**

The Defendants, Radcliffe Jewelers and Eric Harris, by their attorneys, Robert L. Hebb and Semmes, Bowen & Semmes, hereby submit the following Response to Plaintiffs' Motion to Strike Defendants' Experts.

**BACKGROUND**

On or about October 8, 2003, Defendants Radcliffe Jewelers and Eric Harris submitted their expert disclosures to Plaintiffs.  In Defendants' Expert Disclosures, they identify potential experts, including Major Michael J. Fischer and Howard P. Gersh (an expert named by Co-Defendant).  Further, Defendants reserved the right to call themselves as expert witnesses, and specifically Eric Harris, a former Baltimore County police officer and investigator.  Plaintiffs seek to prevent Defendants' named experts from providing their opinions.  Specifically, Plaintiffs contend that the experts' proposed testimony is inappropriate as it goes to the ultimate question of fact and, further, that Defendants have failed to properly disclose the proposed experts in accordance with the Federal Rules of Civil Procedure.

**ARGUMENT**

The current state of Defendants' expert disclosures has not prejudiced Plaintiffs.  In addition, Plaintiffs incorrectly characterize the nature of the experts' proposed testimony

**Procedural Posture of Defendants' Expert Disclosures**

Defendants have made concerted efforts to comply with Rule 26 and the Scheduling Order by providing Plaintiffs with as much information possibly available to Defendants at the time designated for disclosure of expert witnesses.  Further, the Defendants disclosure provides requisite information regarding the experts opinions and factual basis for such opinions.

The recent case of Jones v. Reichert Jung, Inc., 211 F. Supp. 2d 661 (D. Md. 2002), makes clear that failure to strictly comply with Rule 26(a)(2) and a court's scheduling order is excusable where prejudice does not ensue.  Id. at 668.  Specifically, the court refused to strike plaintiff's experts on the ground that plaintiff's failed to comply strictly with Rule 26(a)(2) and the court's scheduling order.  Id.  The court explained that defendants had suffered no prejudice as a result of this failure.  Id.  Defendants were able to contact and communicate with plaintiff's named experts.

Presently, Defendants designated Major Michael J. Fischer as a potential expert witness, included his contact information and described the expected opinion of this expert.  Nothing further could be provided at the time due for expert designation due to the delay in securing basic discovery and depositions of the Plaintiffs.  Similar to Jones, the Plaintiffs are hardly prejudiced by the identification of the defendants experts.

Further, Defendants reserved the right to call themselves as experts, and specifically former investigator and Baltimore County police officer, (Defendant) Eric Harris.  Eric Harris'

deposition had been planned and scheduled at the time of Plaintiffs' motion. Plaintiffs will have every opportunity to question Mr. Harris regarding his background, training, facts and opinions.

Plaintiffs are not prejudiced by Defendants' current state of disclosure, and therefore their Motion to Strike should be denied.

**Nature of Expert Testimony**

Plaintiffs assert that this Court should strike Defendants' experts because their proposed opinions draw legal conclusions and, as such, are inappropriate. Plaintiffs incorrectly characterize the nature of the experts' proposed testimony.

Defendants' experts will not draw legal conclusions. Rather, the experts will consider the facts of the situation and form an opinion, in light of their learning, training and experience with security, as to whether they would have suspected that a theft occurred by the direction of the Plaintiffs. The proposed testimony does not draw any legal conclusions. Rather, it seeks to aid the jury with professional opinions regarding proper security measures and standards.

**CONCLUSION**

Defendants have thus far provided Plaintiffs with all available information regarding expert disclosure and plan to supplement disclosure as information becomes available. Plaintiffs have not been prejudiced. Further, the proposed expert testimony is admissible and will not draw legal conclusions.

WHEREFORE, Defendants, Radcliffe Jewelers and Eric Harris, respectfully request that this Honorable Court deny Plaintiffs' Motion to Strike Defendants' Experts.

    /s/
Robert L. Hebb

                                        Bar No. 23425
                                        Semmes, Bowen & Semmes
                                        250 West Pratt Street
                                        Baltimore, Maryland 21201
                                        (410) 539-5040

                                        Attorneys for Defendants,
                                        Radcliffe Jewelers and Eric Harris

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 12th day of November, 2003, a copy of the foregoing Defendants' Response to Plaintiffs' Motion to Strike Defendants' Experts and proposed Order was electronically filed and served via electronic mail on Ted J. Williams, 1200 G Street, N.W., Suite 800, Washington, D.C. 20005, Attorney for Plaintiffs; and to James J. Nolan, Jr., Esquire, Assistant County Attorney, 400 Washington Avenue, Towson, Maryland 21204, Attorney for R. M. Harrison and Baltimore County Police Department.

                                        /s/
                                        Robert L. Hebb

(B0385650.WPD;1); 11961-3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC DAVID, et al.                  *

      Plaintiffs          *

v.                                  *       Civil Action No.:  WMN 02-CV3573

RADCLIFFE JEWELERS, et al.          *

      Defendants          *

   *   *   *   *   *   *   *   *   *

**ORDER**

Upon consideration of Plaintiffs' Motion to Strike Defendants' Experts, and Defendants' Opposition thereto, it is this _____ day of _____, 2003, by the United States District Court for the District of Maryland,

ORDERED that Plaintiffs' Motion be and hereby is DENIED.

                                                                                   JUDGE

copies to:

Ted J. Williams, Esquire
1200 G Street, N.W., Suite 800
Washington, D.C. 20005

Robert L. Hebb, Esquire
Semmes, Bowen & Semmes
250 West Pratt Street
Baltimore, Maryland 21201

James J. Nolan, Jr., Esquire
Assistant County Attorney
400 Washington Avenue

- 2 -

Towson, Maryland 21204