IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ERIC DAVID, ET AL** | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: WMN-02-3573 |
| **RADCLIFFE JEWELERS, et al.** | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT HARRISON'S OPPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' EXPERTS**

Officer R. M. Harrison, Defendant, by undersigned counsel, respectfully submits this Memorandum in Opposition to Plaintiff's Motion To Strike Defendants' Experts And To Stay Discovery Concerning Defendants' Experts And The Naming Of A Rebuttal Expert Pending A Ruling On This Motion.

Plaintiffs object to the designation of Howard P. Gersh, Legal Director of the Baltimore County Police Department, as an expert witness on two grounds. First, the Plaintiffs claim that Defendant Harrison has failed to comply with the requirements of Fed.R.Civ.P. 26(a)(2)(B) by failing to provide the report required by Fed.R.Civ.P. 26(a)(2)(B). Plaintiffs have ignored the plain language of the Rule. The Rule provides that such a report is only required "with respect to a witness who is retained or specially employed to provide expert testimony in the

case or whose duties as an employee of the party regularly involve giving expert testimony".

In this case, counsel's October 7, 2003 letter disclosing Howard Gersh as an expert witness clearly states that he "has not been retained or especially employed to provide expert testimony in this case, nor do his duties as an employee of the Baltimore County Police Department regularly involve giving expert testimony." Accordingly, the disclosure was not accompanied by a written report prepared and signed by Mr. Gersh. Pursuant to Fed.R.Civ.P. 26(a)(2)(B), Defendant Harrison is not required to provide a report concerning Mr. Gersh's testimony. Thus, the Plaintiffs objection on that ground is meritless.

Secondly, Plaintiffs claim that Mr. Gersh's testimony regarding probable cause to arrest the Plaintiffs calls for a legal conclusion which would invade the province of the Court to instruct the jury regarding the law. (Plaintiff's Motion at p. 4).

Fed.R.Evid. 704(a) provides in relevant part that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Accordingly, Mr. Gersh's opinion that there was probable cause to arrest the Plaintiffs is not inadmissible. Moreover, the admissibility of Mr. Gersh's opinion is a matter of

evidence and not a matter of discovery. Therefore, the Plaintiffs' objection at this stage of the proceedings is premature.

Even if the Court were to determine that Mr. Gersh could not testify that there was probable cause to arrest the Plaintiffs, he can testify as to the other matters identified in Defendant Harrison's disclosure. Namely, he can testify as to the meaning of probable cause, as to the applicability of Art. 27, §594B of the Md. Ann. Code, and as to the relevant provisions of the Field Manual of the Baltimore County Police Department.

For all the above reasons, the Plaintiff's Motion should be denied.

                                            Respectfully submitted,

                                            EDWARD J. GILLISS
                                            County Attorney

                                            _____/s/_____
                                            James J. Nolan, Jr.
                                            Assistant County Attorney
                                            400 Washington Avenue
                                            Towson, MD 21204
                                            410-887-4420

                                            Attorneys for Defendants Baltimore County
                                            and R. M. Harrison