IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC DAVID, et al.

v.                              Civil Action WMN-02-3573

RADCLIFFE JEWELERS, et al.:

## MEMORANDUM

This case arises out of what Plaintiffs allege was their wrongful arrest for stealing a ring from Defendant Radcliffe Jewelers' Towsontown Mall store  Pursuant to this Court's Scheduling Order, Defendants' expert designations were due on or before October 8, 2003.  On or about October 7, 2003  counsel for Defendant Harrison, the Baltimore County Police Officer that made the arrest designated Howard P  Gersh, Legal Director of the Baltimore County Police Department, as his expert.  Harrison's counsel stated that Mr Gersh "will testify that there was probable cause to arrest the Plaintiffs," and "will render his opinion as to the meaning of probable cause and as to the applicability of Article 27, § 594B and provisions of the Field Manual of the Baltimore County Police Department."  Pls.' Mot., Exh  1.  Harrison's counsel also informed that, as Mr. Gersh is not a retained expert or an employee that regularly gives expert testimony, the disclosure would not be accompanied by a written report

On October 8, 2003, counsel for Defendants Radcliffe Jewelers

and Eric Harris (the Radcliffe Defendants) sent Plaintiffs' counsel an "Expert Disclosure" that, while not definitely identifying their experts, stated that those Defendants "reserve the right to call an expert witness(es) to address issues of security, theft prevention probable cause, and reasonable suspicion."  Pls.' Mot., Exh. 2  The pleading indicated that "Defendants' experts may include, but are not limited to Major Michael J. Fischer [Fischer's address]; and the expert identified by Co-Defendant, Howard P. Gersh, Baltimore County Police Department."  Further the pleading indicated that these Defendants "reserve the right to rely upon themselves as experts."[1]

Plaintiffs have filed a motion to strike these designations on grounds that Defendants failed to serve complete statements of their expert's opinions as required under Fed. R. Civ. Proc. 26(a)(2)(B), and because the expected testimony is outside the permissible scope of expert testimony.[2]  The Court will deny the motion

---

[1] The Radcliffe Defendants explain in their opposition to the motion to strike that this refers to Defendant Eric Harris.  Mr. Harris is a former investigator and Baltimore County police officer.

[2] Plaintiffs have also requested a stay of the discovery process insofar as it relates to the deposition of Defendants' experts and Plaintiffs' naming of rebuttal experts, pending the resolution of this motion.  This portion of the motion will be denied as moot.

As to the alleged procedural deficiencies it is clear that Defendant Harrison has fully complied with his obligations under Rule

Rule 26(a)(2)(B) specifically excludes non-retained expert witnesses from its report requirement  Although the Court would agree that Radcliffe Defendants' disclosure does not fully comply with the rule, Plaintiffs have shown no prejudice.[3]  It also appears

at least part of the reason for Defendants' imperfect disclosure can be traced to delay in Defendants' securing discovery from Plaintiffs

---

[3] See Washington v. Arapahoe Co. Dept. of Social Services, 197 F.R.D. 439, 441 (D. Colo. 2000), holding that the decision to strike experts for failure to comply with Rule 26 or Scheduling Order turns on consideration of the following factors:

> (1) the prejudice or surprise in fact of the party against whom the excluded witness would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or wilfulness in failing to comply with the court's order.

Here, no trial date has been set in this action.  To the extent that Defendants' disclosures and the pendency of this motion have rendered it difficult for discovery to be timely completed, the Court trusts that the parties can reach agreement as to an appropriate schedule to depose Defendants' experts, and to allow Plaintiff to name rebuttal experts.  If the parties are unable to reach an agreement through their own devices, an appropriate motion can be filed.

3

As to Plaintiffs' objections related to the substance of the experts' testimony, the Court finds the challenge premature. As Defendant Harrison observes, the admissibility of the experts' opinions is more a matter of evidence than of discovery. At least some of the testimony would appear to be admissible, including: whether a reasonable officer in Defendant Harrison's or Harris's position, based upon their training and experience, would have believed that Plaintiffs had been involved in an attempted theft; and, testimony as to the relevant provisions of the County Police Department's Field Manual  The extent to which the experts' testimony might invade the province of the jury or the Court, can be better addressed in a motion in limine, or during the course of the trial

A separate order consistent with this memorandum will issue

/s/
William M. Nickerson
Senior United States District Judge
Dated: December 4  2003

4