<div align="center">

UNITED STATES DISTRICT COURT
FOR THE STATE OF MARYLAND

</div>

| | |
|---|---|
| ERIC DAVID, et al. | ) |
| | ) |
| **Plaintiffs** | ) |
| v. | ) |
| | ) Civil Action No. WMN-02-3573 |
| **RADCLIFFE JEWELERS, et al.** | ) |
| | ) |
| **Defendants** | ) |
| | ) |

<div align="center">

**MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

</div>

   COMES NOW Ted J. Williams, Counsel for the Plaintiffs, pursuant to Rule 15 of the Federal Rules of Civil Procedure and moves this Honorable Court for entry of an Order permitting Plaintiff to Amend their complaint and add an additional party as a Defendant. The grounds for this Motion are more fully set forth in the attached Memorandum of Points and Authorities.

Respectfully Submitted,


_____
Ted J. Williams
1200 G Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 246-8707

UNITED STATES DISTRICT COURT
FOR THE STATE OF MARYLAND

| | |
|---|---|
| ERIC DAVID, et al. | ) |
|        **Plaintiffs** | ) |
| v. | ) |
| | ) Civil Action No. WMN-02-3573 |
| RADCLIFFE JEWELERS, <u>et al</u>. | ) |
|        **Defendants** | ) |

<u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
LEAVE TO FILE AN AMENDED COMPLAINT</u>

This memorandum is filed in support of Plaintiffs' Motion for Leave To File an Amended Complaint **(attached hereto)** to conform to the evidence and to add a party, Lt. Randy Guraleczka.  Plaintiffs, Eric David and Tony Thomas, by and through the undersigned counsel filed the original Complaint in the above-captioned action on or about November 13, 2001.  Defendants Baltimore County, Maryland and Officer R. M. Harrison filed a Motion to Dismiss, or in the Alternative for Summary Judgment.  On July 7, 2003 this Court granted in part Defendants' Motion and denied said motion in part.  This Honorable Court then issued a Scheduling Order on July 10, 2003.  The Court's Scheduling Order set the date of August 25, 2003 to add or amend the Complaint.  While Plaintiffs had in their possession an Affidavit submitted by Lt. Guraleczka, it was only after Lt. Guraleczka's deposition was it known the actual ~~substances~~ **depth** of his involvement.  During the course of his Deposition, Lt. Guraleczka admitted that **in making his decision to arrest Plaintiffs** he was not at the scene, never spoke with the arresting officer and only spoke with a retired Baltimore County Police Officer who worked at Defendant Radcliffe Jewelers.  Lt. Guraleczka proffered during his deposition

that **he** took the word of Defendant Harris that a ring had been stolen because he was a former police officer. Plaintiff further contends that while Officer Harrison is equally culpable, Lt. Guraleczka as a police official also violated their civil rights.

**In light of the aforesaid, t**he Defendants will not be prejudice by this Court granting this Motion in light of the fact that this Court granted the parties the right to extend the Scheduling Order and discovery is not closed.

Rule 15(a), Fed. R. Civ. P., provides that the leave of court to file an amended complaint *"shall be freely given when justice so requires."* Plaintiffs respectfully submit that, since their original Complaint was filed and having only clearly defined the relationship of Lt. Guraleczka to this case after the taking of his deposition, leave to amend should be granted. It would be unduly prejudicial to Plaintiffs' case if leave of Court ~~is not~~ is not granted to file this Amended Complaint. Plaintiff would then be compelled to file a separate cause of action against Lt. Guraleczka . Furthermore, the interests of justice would be served by granting leave to file an Amended Complaint allowing for proper service of process on all parties.

Additionally, there has been no undue delay in Plaintiffs' filing their Amended Complaint. <u>Fleck v. Cablevision VII, Inc</u>., 799 F. Supp. 187 (1992).

The Defendant²**s**' attorney**s** ~~was~~ **were** contacted and do~~es~~ not consent to this Motion.

Based on the forgoing, Plaintiffs respectfully requests that their Motion for Leave to File an Amended Complaint be granted.

Respectfully submitted,

LAW OFFICES OF TED J. WILLIAMS

BY:_____/s/_____
       TED J. WILLIAMS
       Bar No.:
       1200 G Street, N.W.
       Suite 800
       Washington D.C. 20005
       (202) 434-8744

UNITED STATES DISTRICT COURT
FOR THE STATE OF MARYLAND

| | |
|---|---|
| **ERIC DAVID, et al.** )<br>)<br>**Plaintiffs** )<br>v. )<br>) **Civil Action No. WMN-02-3573**<br>**RADCLIFFE JEWELERS, <u>et</u> <u>al</u>.** )<br>)<br>**Defendants** )<br>) | |

## ORDER

Upon consideration of the Plaintiffs' Motion to File An Amended Complaint, opposition thereto, and good cause having been shown for said motion, it is, by the Court, this _____ day of _____, 2003;

**ORDERED:** That the Motion to File An Amended Complaint be, and hereby is GRANTED.

_____
Judge

Copies:

Ted J. Williams, Esq.  
1200 G Street, N.W.  
Suite 800  
Washington, D.C. 20005

Robert L. Hebb, Esquire  
Semmes, Bowen & Semmes  
250 W. Pratt Street  
Baltimore, Maryland 21201

James J. Nolan, Esquire  
Assistant County Attorney  
County Administration Building  
400 Washington Avenue, Room 219  
Upper Marlboro, Maryland 20772

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion To File An Amended Complaint was mailed electronically this 9th day of December, 2003 to the following:

Robert L. Hebb, Esquire
Semmes, Bowen & Semmes
250 W. Pratt Street
Baltimore, Maryland 21201


James J. Nolan, Esquire
Assistant County Attorney
County Administration Building
400 Washington Avenue, Room 219
Upper Marlboro, Maryland 20772


_____
Ted J. Williams

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ERIC DAVID<br>17622 Longview Lane<br>Olney, Maryland 20832 | :<br>:<br>:<br>: |
| and | : |
| TONY LAMONT THOMAS<br>10 Saturn Court<br>Baltimore, Maryland 21234 | :<br>:<br>:<br>: |
| Plaintiffs<br>v. | :<br>:<br>: |
| RADCLIFFE JEWELERS<br>825 Dulaney Valley Road<br>Towson Town Center Mall<br>Towson, Maryland 21204 | :<br>:<br>:<br>:    Civil Action No.: WMN-02-3573 |
| and | : |
| ERIC HARRIS<br>825 Dulaney Valley Road<br>Towson Town Center Mall<br>Towson, Maryland 21204 | :<br>:<br>:<br>: |
| and | : |
| R.M. HARRISON<br>Baltimore County Police Department<br>115 West Susquhana Avenue<br>Baltimore, Maryland 21204 | :<br>:<br>:<br>: |
| and | : |
| RANDY GURALECZKA<br>Baltimore County Police Department<br>115 West Susquhanna Avenue<br>Baltimore, Maryland 21204 | :<br>:<br>:<br>: |
| Defendants | : |

**AMENDED COMPLAINT**

### VIOLATION OF CONSTITUTIONAL & CIVIL RIGHTS; GROSS NEGLIGENCE NEGLIGENCE; MALICIOUS PROSECUTION, FALSE ARREST

Comes now the Plaintiffs Eric David and Tony Lamont Thomas, by and through counsel Ted J. Williams, and sues Defendants, Radcliffe Jewelers, Eric Harris, ~~Baltimore County~~, R.M. Harrison**, and** Randy Guraleczka individually, and acting as agents, servants and/or employees of Radcliffe Jewelers and Baltimore County and the Baltimore County Police Department.  In support of their Complaint, Plaintiffs states:

### Preliminary Statement and Jurisdiction

1. In this action, Plaintiffs, citizens of the State of Maryland sue to recover for physical and emotional injuries suffered as the result of actions by the individual Defendants, taken individually and in their official capacities as officials, agents and employees of Radcliffe Jewelers and the Baltimore County Police Department which actions constituted malicious prosecution, negligence,  and negligence training and supervision, violations of the U.S. Constitution and the Civil Rights Act, 42 U.S.C. Section 1983 and False Arrest and False Imprisonment. This action stems from Defendant's unlawful arrest, seizure and strip search of the Plaintiffs on April 6, 2001 in the State of Maryland.

2. Plaintiffs sues Radcliffe Jewelers ~~and Baltimore County~~  pursuant to the doctrine of *respondeat superior*.

3. Jurisdiction is conferred upon the Court by 42 U.S.C. Section 1983 resulting from deprivations of Plaintiffs' rights under the U.S. Constitution and for tortuous behavior pursuant to  the Maryland Courts and Judicial Procedure Code Annotated.  Plaintiffs further invokes the pendent jurisdiction of this Court to hear and decide claims arising under State Law.

**Parties**

4.      Eric David, Plaintiff, is an adult resident of the State of Maryland who resides at 176 Longview Lane, Olney, Maryland 20832.

5.      Tony Lamont Thomas, Plaintiff, a is an adult resident of the State of Maryland who resides at 10 Saturn Court, Parksville, Maryland 21234.

6.      Defendant Radcliffe Jewelers is a limited Partnership incorporated under the laws of the State of Maryland doing business at the Towson Town Center Mall is charged with and responsible for hiring employees in sales positions. Also said Defendant is responsible for the supervision, training, instruction, discipline, control, and conduct of sales person Eric Harris. At all relevant times, Defendant Radcliffe Jewelers, had the power, right and duty to control the manner in which Defendant Harris carried out the objectives of his employment and to see that all orders, rules, instructions and regulations promulgated for Radcliffe Jewelers were consistent with the U.S. Constitution and the laws of the State of Maryland.

7.      Defendant Eric Harris was at all times relevant was an employee of Radcliffe Jewelers who provided information that caused the Plaintiffs to be illegally arrested and prosecuted in violation of Maryland law and the Constitution of the United States.

8.      ~~Defendant Baltimore County, a municipal corporation which maintains the Baltimore County Police Department as an agency of government, is charged with and responsible for appointing and promoting, through the County Executive, the members of the Baltimore County Police Department and for the supervision, training, instruction, discipline, control, and conduct of the Baltimore County Police Department and its~~

~~personnel. At all relevant times, Defendant Baltimore County had the power, right and duty to control the manner in which the individual Defendant Police Officer carried out the objectives of his employment and to see that all orders, rules, instructions and regulations promulgated for the Baltimore County Police Department were consistent with the Constitution and the laws of the state of Maryland. Plaintiffs complied with the notice requirements of Section 12-106(b) .~~

9. Defendant, R.M. Harrison who was working as a Baltimore County Police officer at the time of this incident, and within the scope of her police powers and further acting as agent, servant and employee of the Baltimore County Police Department, was at all times relevant a participant in the incidents which are the subject of this lawsuit. The acts of Defendant Harrison which are the subject of this lawsuit were undertaken in the regular course of her employment as employee for Defendant Baltimore County Police Department.

**10. Defendant Randy Guraleczka who was working as a Baltimore County Police officer at the time of this incident, and within the scope of his police powers and further acting as agent, servant and employee of the Baltimore County Police Department was at all times relevant a participant in the incidents which are the subject of this lawsuit. The acts of Defendant Harrison which are the subject of this lawsuit were undertaken in the regular course of his employment as an employee for Defendant Baltimore County Police Department.**

<div align="center"><u>Statement Of Facts</u></div>

10. On or about April 6, 2001, Plaintiffs were shopping at the Radcliffe Jewelers Store. Upon entering the Radcliffe Jewelers store the Plaintiffs were met by an unknown

female clerk who introduced the Plaintiffs to salesperson Eric Harris who agreed to assist Plaintiffs in reviewing rings.

11.     Defendant Harris entered a display counter and pulled out a tray of approximately twenty rings in which he handed a ring to Plaintiff Thomas who examined said ring. Plaintiff Thomas handed the ring to Plaintiff David to inspect. Upon inspection, Plaintiff David handed the ring back to Plaintiff Thomas who in turn gave it to Defendant Harris who placed said ring back in its case. The aforesaid review of rings from the tray was repeated on at least two separate occasions.

12.     Shortly after inspecting the second ring, Defendant Harris accused the Plaintiffs of distracting him and stealing a ring.

13.     Defendant Harris summoned ~~an unknown~~ security officer, Ramunas Kligys, who searched the area and spoke with the Plaintiffs who denied stealing a ring.

14.     Defendant Harris then and there summoned the Baltimore County Police Department and Defendant Harrison, an officer with said police department responded to the scene and spoke with all parties. Defendant Harrison with the permission of the Plaintiffs searched their clothing with negative results.

15.     As a result of information provided by Defendant Harris, the Plaintiffs were arrested by Defendant Harrison. Moreover, Defendant Harrison's supervisor, Lt. Guraleczka who was not on the scene, authorized the arrest of the Plaintiff by telephone. Lt. Guraleczka never spoke with Defendant Harrison to determine probable cause for said arrest.

16.     Plaintiffs were handcuffed in the shopping center and paraded out of the store in front of shoppers and taken to a police car and transported to the Baltimore County Police Station.

17. Plaintiffs upon their arrival at the Baltimore County Police Station were stripped searched and said search failed to turn up any items stolen from Radcliffe Jewelers.

18. Even though the Plaintiffs were completely innocent of any association with shoplifting, Defendant Harrison based upon information provided by Defendant Harris charged the Plaintiffs with shoplifting. Plaintiffs were made to submit to mug shots, fingerprinting which were placed into police records that were available to all police agencies in the United States and most foreign countries. Plaintiffs were charged, prosecuted and subsequently the charges were dismissed on or about December 3, 2001.

19. The manner and method of the false arrest and false imprisonment imposed by the acts of the Defendants upon the Plaintiffs have caused physical nervousness, headaches, inability to concentrate and loss of sleep and in all probability will continue to do so for the balance of their lives. The Plaintiffs were unable to return to work and lost income. Both at the time of the event and continuing to this date the Plaintiffs has suffered great humiliation, shame and fright which in all probability will continue for the balance of their lives. The actions of the Defendants have greatly harmed the Plaintiffs' good reputation and in all probability will continue for the balance of their lives. The actions of the Defendants were motivated by malice and a desire to oppress and injure the Plaintiffs and Plaintiffs are entitled to recover damages.

## COUNT I

### Violation Of Civil Rights - 42 USC 1983

20. Count One of this complaint adopts and incorporates by reference all allegations set forth above.

21. The conduct of ~~Defendant~~ **Defendants, Harrison and Guraleczka** occurred under the color of law, including existing statutes, ordinances, regulations, customs and policies of the Baltimore County Police Department and the United States of America.

22. The acts of ~~Defendant~~ **Defendants Harrison and Guraleczka** complained of herein, operated to deprive Plaintiffs of their rights, privileges and immunities under the U.S. Constitution, Bill of Rights, Laws and Statutes of the United States.

23. Specifically, Plaintiffs were subjected to an unlawful arrest, and falsely imprisoned, a deprivation of their right to be secure in their person and was deprived of their rights to be free of punishment and/or other deprivation of liberty without due process of law, to the equal protection under the law as guaranteed by the Fourth and Fifth Amendments; was subject to excessive and outrageous emotional trauma, to a criminal prosecution that was not designed nor intended to bring an offender to justice,

WHEREFORE, Plaintiffs demands judgment against Defendants ~~Baltimore County~~ **Guraleczka and Harrison**, jointly and severally in the amount of One Million Dollars ($1,000,000.00) in compensatory damages and One Million Dollars (1,000,000.00) in punitive damages, the reasonable costs of his attorney's fees, all related costs of this action and such other and further relief as this Court may deem just and proper.

<center>~~**COUNT II**~~</center>

<center>~~**Negligence: Defendant Harrison**~~</center>

~~24. Count Two of this complaint adopts and incorporates by reference all allegations set forth above.~~

~~25. Defendant Harrison had a duty to perform her tasks as a Baltimore County Police Officer in accordance with the standard of care for police officers acting in the same or similar circumstances.~~

~~26. The conduct of Defendant Harrison which forms the basis for this cause of action was negligent and/or grossly negligent in that she breached the applicable standard of care for police officers. Specifically, Defendant Harrison:~~

~~a. Used improper motives to effectuate said arrest. Defendant Harrison knew or should have known that he lacked reasonable justification to arrest Plaintiffs.~~

~~b. Defendant Harrison failed to exercise proper discretion under the circumstances of this case;~~

~~c. Falsely arrested and falsely imprisoned Plaintiffs;~~

~~d. Otherwise failed to conduct herself in accordance with established policies and orders as required by the applicable standard of care and procedures.~~

~~27. As a direct and proximate result of the tortuous conduct of Defendant Harrison, Plaintiffs suffered the injuries and damages more particularly described above and below.~~

~~WHEREFORE, Plaintiffs demands judgment against Defendant Harrison, jointly and severally in the amount of One Million Dollars ($1,000,000.00) in compensatory damages and One Million Dollars (1,000,000.00) in punitive damages, the reasonable costs of their attorney's fees, all related costs of this action and such other and further relief as this Court may deem just and proper.~~

## COUNT III

### Negligent Supervision, Training And Maintenance Of Personnel

28. Count Three of this complaint adopts and incorporates by reference all allegations set forth.

29. Defendants Radcliffe Jewelry and the Baltimore County Police Department owed Plaintiffs the duty to use reasonable care in the supervision, training, and maintenance of its personnel. That duty includes, but is not limited to, the adequate training and education of members of its sales staff and police officers in connection with Federal Constitutional and regulations; and adequate supervision, control, and evaluations.

30. By the foregoing actions of the individual Defendants, Defendant Radcliffe Jewelry and the Baltimore County Police Department breached its duty to use reasonable care in the supervision, training and maintenance of its personnel.

31. Defendant Radcliffe Jewelry and The Baltimore County Police Department negligently caused the above described injuries to Plaintiffs by failing to properly train, supervise and control the conduct of Defendants Harris and Harrison.

WHEREFORE, Plaintiffs demands judgment against Defendants Baltimore County and Radcliffe Jewelers in the amount of One Million Dollars ($1,000,000.00) in compensatory damages and One Million Dollars (1,000,000.00) in punitive damages, the reasonable costs of his attorney's fees, all related costs of this action and such other and further relief as this Court may deem just and proper.

## COUNT IV

### Malicious Prosecution: Criminal

32. Count Four of this Complaint adopts and incorporates by reference all allegations set forth above.

33. Defendants Harris, **Guraleczka and Harrison** and other agents, servants and/or employees of Defendant Radcliffe Jewelers and the Baltimore County Police, did maliciously prosecute Plaintiffs for shoplifting when they knew or should have known that the Plaintiffs had not shoplifted and said act of prosecution was without probable cause or justification. Defendant Harris, **Guraleczka and Harrison** were motivate by malice and evil intent toward the Plaintiffs and said Defendants intended to harm and injure Plaintiffs. After discovering that the Plaintiffs did not have any stolen merchandise on their person, as Defendant ~~Harrison~~ Harris alleged, the Defendants forged ahead with their illegal activities by arresting the Plaintiffs on false charges.

34. The criminal prosecution terminated in favor of Plaintiffs in all aspects.

35. Defendants' Harris, **Guraleczka**, Harrison, ~~Baltimore County~~ and Radcliffe Jewelers conduct in instituting and continuing the criminal prosecution of the Plaintiffs, as well as the motivation of the other unknown agents, servants and/or employees of Defendants, ~~Baltimore County and~~ Radcliffe Jewelers was based on malice and/or purposes other than bringing proper parties to justice.

36. As a direct and proximate result of the tortuous conduct of Defendants, the Plaintiffs suffered the injuries and damages more particularly described above.

WHEREFORE, Plaintiffs demands judgment against Defendants ~~Baltimore County,~~ Radcliffe Jewelers, **Guraleczka**, Harrison and Harris, jointly and severally in the amount of

One Million Dollars ($1,000,000.00) in compensatory damages and One Million Dollars (1,000,000.00) in punitive damages, the reasonable costs of his attorney's fees, all related costs of this action and such other and further relief as this Court may deem just and proper.

### ~~COUNT V~~

#### ~~Defendant Harris' Negligence~~

~~37. Count Five of this complaint adopts and incorporates by reference all allegations set forth above.~~

~~38. Defendants Harris acting as agent, servant and/or employee of the Defendant Radcliffe Jewelers had a duty to perform his tasks as an employee for Radcliffe Jewelers in accordance with the standard of care for employees acting in the same or similar circumstances.~~

~~39. The conduct of Defendant Harris, acting as agent, servant and/or employee of the Defendant Radcliffe Jewelers which forms the basis for this cause of action was negligent and/or gross negligent in that they breached the applicable standard of care for employees in similarly situation. Specifically, Defendants Harris.~~

> ~~a. Acted upon information that he knew or should have known was not reasonable justification to pursue an arrest of Plaintiffs;~~
>
> ~~b. Failed to exercise proper discretion under the circumstances of this case;~~
>
> ~~c. And otherwise failed to conduct himself in accordance with established policies and orders as required by the applicable standard of care and procedures.~~

~~40.    As a direct and proximate result of the tortuous conduct of Defendant Harris acting as agents, servants and/or employees of the Defendants Radcliffe Jewelers, Plaintiffs suffered the injuries and damages more particularly described above and below.~~

~~41.    As a direct and proximate result of the aforesaid acts, the Plaintiffs suffered severe embarrassment, humiliation, and mental and physical pain and anguish.~~

~~42.    Defendant Radcliffe Jewelers, on whose behalf Defendant Harris acted and as the employer of Defendants Harris, is liable under the doctrine of respondeat superior for the tortuous conduct of the individual Defendant Harris.~~

~~WHEREFORE, Plaintiffs demands judgment against: (a) Defendant Harris in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages and Five Million Dollars ($5,000,000.00) in punitive damages; (b) Defendant Radcliffe Jewelers in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages and Five Million Dollars ($5,000,000.00) in punitive damages; (c) and (d) the reasonable costs of her attorney's fees, all related costs of this action and such other and further relief as this Court deems necessary.~~

## COUNT VI

### False Arrest And False Imprisonment

43.    Count Six of this Complaint adopts and incorporates by reference all allegations set forth above.

44.    At the stated time and place, Defendants acting as agents, servants and/or employees of the Defendant ~~Baltimore County, Maryland and~~ Radcliffe Jewelers did falsely arrest Plaintiffs without legal right and without Plaintiffs' consent in that they did restrict their freedom of travel by use of threats of force and/or bodily harm and actual force and bodily harm.

45. The conduct of Defendants at all times were carried out with knowing and deliberate malicious intent in that said Defendants and others intentionally arrested and imprisoned Plaintiffs without proper motivation, or probable cause and/or reasonable cause and with ill-will and malice toward Plaintiffs and against the will or consent of Plaintiffs.

46. As a direct and proximate result of the tortuous and malicious conduct of the Defendants, Plaintiffs suffered the injuries and damages more particularly described above and below.

WHEREFORE, Plaintiffs demands judgment against: (a) Defendants in the amount of Five Million Dollars ($5,000,000.00) in compensatory damages and Five Million Dollars ($5,000,000.00) in punitive damages; (b) the reasonable costs of her their attorney's fees, all related costs of this action and such other and further relief as this Court deems necessary.

## REQUEST FOR JURY TRIAL

Plaintiffs hereby demand a jury of six (6) of all matters so triable.

Respectfully submitted,

_____/s/_____
Ted J. Williams, Esq.
Bar No. #414758
1200 G Street, NW
Suite 800
Washington, D.C. 20005
(202) 434-8744