# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ERIC DAVID, et al.** | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No.: WMN-02-3573 |
| **RADCLIFFE JEWELERS, et al.** | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT R. M. HARRISON'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

R. M. Harrison, Defendant, by undersigned counsel, respectfully submits this Memorandum in Opposition to the Plaintiffs' Motion for Leave to File an Amended Complaint.

### Relevant Procedural History

This action was filed on or about November 13, 2001. On December 26, 2002, Defendants Baltimore County and Harrison filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. Attached to that Motion was the December 24, 2002 Declaration of Lt. Randy Guraleczka detailing his involvement with the arrest of the Plaintiffs at the Radcliffe Jewelry Store on April 6, 2001. A copy of that Declaration is attached hereto.

The Court subsequently granted in part and denied in part the Defendants' Motion. On July 10, 2003, the Court entered a Scheduling Order setting August 25, 2003 as the deadline for "moving for joinder of additional parties and amendment of pleadings."

Nearly one year after receiving Lt. Guraleczka's detailed Declaration concerning his involvement in this incident, the Plaintiffs now seek leave to amend their Complaint to add Lt. Guraleczka as a Defendant in this action.

## **Argument**

The Plaintiffs' Motion for Leave to File An Amended Complaint should be denied because the Plaintiffs have not met the good cause standard of Fed.R.Civ.P. 16(b). The Plaintiffs' own lack of diligence in waiting nearly a year to amend their Complaint clearly fails to meet the good cause standard.

In *Odyssey Travel Center, Inc. v. Ro Cruises, Inc.*, 262 F.Supp. 2d 618, 630-32 (D. Md. 2003), Judge Chasanow set forth a framework for analyzing a motion to amend a complaint to add a party after the passage of the deadline set forth in a Rule 16(b) scheduling order. *See also Daso v. Grafton School, Inc.*, 181 F.Supp. 2d 485, 488 (D. Md. 2002); *Rassoull v. Maximus, Inc.,* 209 F.R.D. 372, 373 (D. Md. 2002).

A motion to amend a complaint after the deadline set forth in a scheduling order triggers Rule 15(a). It also triggers Rule 16(b) requirements governing

modifications to a scheduling order. Rule 15(a) states that "leave shall be given freely when justice so requires." Rule 16(b) states that a scheduling order "shall not be modified except upon the showing of good cause and by leave of the district judge…."

Noting that neither the Supreme Court nor the Fourth Circuit has dealt decisively with interplay of these two rules when a motion to amend is filed after the deadline set in a scheduling order, Judge Chasanow followed the two-step analysis set forth in *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D.W Va. 1995). Under the framework set forth in *Marcum*, once the scheduling order's deadline for amending pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b). If the moving party satisfies Rule 16(b), movant then must pass the test for amendment under Rule 15(a) and, in this instance, Rule 19(a). *Odyssey Travel Center, Inc. v. Ro Cruises, Inc., supra*, at 631, *citing Marcum*, 163 F.R.D. at 254. In *Marcum*, the Court stated that:

> the Rule 16(b) analysis is less concerned with the substance of the proposed amendment. Instead, Rule 16(b)'s "good cause" standard focuses on the timeliness of the amendment and the reasons for its tardy submission. Because a court's scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril,'" *Potomac Electric Power Co. v. Electric Motor Supply, Inc.*, 190 F.R.D. 372, 375-376 (D. Md. 1999), *quoting Gestetner v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me. 1985), a movant must demonstrate that the reasons

3

> for the tardiness of his motion justify a departure from the rules set by the court in its scheduling order.
>
> The primary consideration of the Rule 16(b)"good cause" standard is the diligence of the movant. Lack of diligence and carelessness are "hallmarks of failure to meet the good cause standard." *West Virginia Housing Dev. Fun v. Ocwen Technology Xchange, Inc.*, 200 F.R.D. 564, 567 (S. D. W. Va. 2001). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Marcum*, 163 F.R.D. at 154, *quoting Johnson [v. Mammoth Recreations, Inc*.], 975 F.2d [604] at 609 [9th Cir. 1992)]. *Rassoull*, 209 F.R.D. at 373-74.

Clearly, in this case, the Plaintiffs were not diligent, having waited for nearly one year after being in receipt of Lt. Guraleczka's detailed Declaration to seek to add him as a party to this lawsuit. Plaintiffs have tried to justify their lack of diligence by claiming that they did not know the "depth of [Lt. Guraleczka's] involvement" until after his deposition was taken. In the face of the lack of diligence on the part of the Plaintiffs, this explanation does not constitute good cause under Rule 16(b).

Furthermore, if the amendment is allowed, the current scheduling order will have to be amended to afford the opportunity for additional discovery, resulting in further delay in the resolution of this action for the present Defendants.

## **Conclusion**

For the foregoing reasons, Defendant Harrison respectfully requests the Court to deny the Plaintiffs' Motion.

        Respectfully submitted,

        EDWARD J. GILLISS
        County Attorney

        _____/s/_____
        JAMES J. NOLAN, JR.
        Assistant County Attorney
        400 Washington Avenue
        Towson, MD 21204
        410-887-4420

        Attorneys for Defendant R. M. Harrison