UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **CHAMBERS OF**<br>**PAUL W. GRIMM**<br>**UNITED STATES MAGISTRATE JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-4560**<br>**(410) 962-3630 FAX** |

February 23, 2005

**ORDER RE-SCHEDULING SETTLEMENT CONFERENCE**

RE:   Eric David v. Radcliffe Jewelers, Inc.
      Civil Action No.: WMN-02-3573

Dear Counsel:

   Please be advised that due to a conflict in the Court's calendar, the settlement conference in the above-entitled case has been **RESCHEDULED** for Wednesday, April 13, 2005 at 10:30 a.m., and will be held in my chambers (Room 8B). It is essential that the parties, or in the case of a corporation or partnership, an officer or other representative with complete authority to enter into a binding settlement, be present in person. Attendance by the attorney for a party is <u>not</u> sufficient. Please also be advised that the conference may take the entire day.

   No later than Wednesday, April 6, 2005, I would like to receive by regular mail, **not electronically,** a short <u>ex parte</u> letter from each party candidly setting forth the following:

   (1)   facts you believe you can prove at trial;

   (2)   the major weaknesses in each side's case, both factual and legal;

   (3)   an evaluation of the maximum and minimum damage awards you believe likely;

   (4)   the history of any settlement negotiations to date; and

   (5)   estimate of attorneys' fees and costs of litigation through trial.

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited. See 28 U.S.C.§ 652(d). If you wish me to review any deposition excerpts or exhibits, please attach a copy to your letter. For attachments which are

Eric David v. Radcliffe Jewelers
Civil Action No.: WMN-02-3573
February 23, 2005

more than two pages in length (particularly deposition excerpts) please highlight the portions which you want me to review.  I also will review the pleadings in the court file.  Additionally, if you wish me to review any case authorities which you believe are critical to your evaluation of the case, please identify them.

     Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has recently issued a Formal Opinion (No. 93-370) which precludes a lawyer, **ABSENT INFORMED CLIENT CONSENT,** from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement.  The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters.  Therefore, please discuss these items with your client before appearing for the settlement conference.

     Despite the informal nature of this letter it will constitute an order of the Court and will be docketed accordingly.

Very truly yours,

/S/

Paul W. Grimm
United States Magistrate Judge

cc:    Honorable William M. Nickerson
       Court File